IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:03-CR-0047 (10) |
| | § | |
| MANUEL D. LUJAN | § | |

**REPORT AND RECOMMENDATION TO DISMISS**
**MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Came for consideration the Motion to Set Aside, Correct or Vacate Sentence Pursuant to 28 U.S.C. § 2255 filed by defendant MANUEL D. LUJAN on July 31, 2006. For the reasons set forth below, defendant's motion is time-barred and it is recommended that the motion to vacate, set aside or correct sentence be DISMISSED.

I.
PROCEDURAL HISTORY

On July 17, 2003, a jury found defendant guilty of the offense of conspiracy to distribute methamphetamine. On October 1, 2003, the District Judge sentenced defendant LUJAN to a term of 360 months imprisonment and judgment was entered. Defendant did not file a direct appeal challenging his conviction and/or sentence.[1] Consequently, defendant's conviction became final on October 13, 2003, upon the expiration of time for filing a notice of appeal. *See*

---

[1] On February 22, 2004, defendant drafted correspondence to the Court which was construed, and filed on February 27, 2004, as a motion for extension of time to appeal his conviction. The undersigned entered an Order denying an extension of time to appeal for lack of jurisdiction that same date. Defendant appealed the Order to the District Judge who, on March 18, 2004, affirmed the Order. On March 31, 2004, defendant filed a notice of appeal challenging his conviction and sentence. Such appeal was forwarded to the Court of Appeals for the Fifth Circuit who, on January 6, 2005, dismissed defendant's appeal for lack of jurisdiction.

Fed. R. App. Proc. 4((b)(1)(A)(I).[2]

On July 31, 2006, over two and one-half years after his conviction became final and a year and one-half after the Fifth Circuit's dismissal of defendant's untimely appeal, defendant filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

## II.
## DEFENDANT'S ALLEGATIONS

In his motion to vacate, defendant presents the following claims:

1. Defendant was denied effective assistance of counsel in that trial counsel failed to inform him of the time limits for filing an appeal of his conviction and sentence and, thus, caused him to lose his right to appeal;

2. There was insufficient evidence to prove defendant conspired to distribute methamphetamine;

3. The Indictment was fundamentally defective because it did not specify the amount of drugs which defendant allegedly conspired to distribute; and

4. There was insufficient evidence to prove all of the elements of the charged offense.

## III.
## STATUTE OF LIMITATIONS

Title 28 U.S.C. § 2255 establishes a one-year limitation period for filing a motion to vacate in federal court. That section provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (1)   the date on which the judgment of conviction becomes final;

---

[2] Defendant had ten (10) days in which to file a Notice of Appeal. Because the tenth day fell on a Saturday, defendant would have had until the following Monday, or October 13, 2003, to do so.

  (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

  (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Defendant challenges his October 1, 2003 judgment of conviction which became final on October 13, 2003. The one-year statute of limitations thus began to run on October 14, 2003, making defendant's motion to vacate due to be filed on or before October 14, 2004.[3] Since the defendant did not file the motion to vacate until July 31, 2006, the motion is untimely.

  Defendant, anticipating the time-bar, attempts, in his motion, to explain why his claims have not previously been presented. Defendant states his trial counsel's "failure to file a brief that complied with *Anders* denied [defendant] his Fifth Amendment right to effective counsel on appeal. Because denial of effective counsel is prejudicial per se, [defendant] has demonstrated cause and prejudice for the failure to raise the contentions on direct appeal." Defendant also states his trial counsel "disregarded his client's express instructions to file a direct appeal and Section 2255 petition" and, thus, appropriate exceptional circumstances exist to equitably toll the limitations period in this case. Specifically, defendant LUJAN states:

> In the instant case, Lujan claims equitable tolling is warranted because a combination of several factors results in such extraordinary circumstances. On

---

[3] In his memorandum, defendant asserts "the deficiencies in his trial/appellate counsel's performance did not become known to him until March 31, 2006, when he received newsletters from the Law Office of Marcia G. Shein that discussed some of the legal issues that was of concern and related directly with how to apply for an appeal." Defendant thus appears to make the argument that the limitation period did not begin to run on the date his judgment of conviction became final but, instead, began to run on March 31, 2006, the purported date on which he learned of the claims he now presents. This argument is not only conclusory, but without merit. Defendant was well aware no appeal had been filed on his behalf much earlier than the March 31, 2006 date.

>February 22, 2004, Lujan requested permission to file a delayed notice of appeal, claiming that his counsel never informed him of the time period for requesting an appeal. No hearing was held on the motion, the district court denied Lujan's motion to file a delayed notice of appeal. Lujan appealed the district court's denial of his motion for an extension of time to file a late appeal from his conviction for conspiracy to distribute methamphetamine. The Fifth Circuit Court of Appeals dismissed Lujan's appeal for lack of jurisdiction. What Lujan clearly does not know is that the deadline had been running from what date.
>. . .
>
>In this case, it is clear that Lujan has diligently pursued his legal rights on appeal. Lujan filed this petition within the time he reasonably believed he was allowed. This is not a case of laziness or recalcitrance on Lujan's part. It is, rather, a case of relying on advice of counsel. . . . He is making a plea for equitable relief based on poor advice of his counsel.

In light of the substantial sentence defendant LUJAN received, the undersigned has fully considered defendant's arguments regarding equitable tolling and has considered whether any arguable basis exists for sufficient tolling to permit the 2255 motion to be considered. The motion, however, is clearly time-barred and defendant LUJAN has not shown he diligently pursued this matter. Even if this Court were to assume, solely for purposes of argument, trial counsel failed to file a direct appeal after being requested to do so,[4] defendant has not suggested, much less demonstrated, any basis for equitably tolling the limitations period after the Fifth Circuit Court of Appeals' January 6, 2005 Judgment dismissing defendant's attempt at a direct appeal. More than a year and half passed after the appeal was dismissed before defendant filed the instant motion to vacate. Consequently, even if this Court were to equitably toll the period from the date the conviction became final in October 2003 until the date of the dismissal of defendant's appeal in January 2006, the defendant[5] has not shown any basis to attribute such

---

[4] Trial Counsel vigorously denies defendant LUJAN ever requested any direct appeal be taken. See District Court docket entry 857, February 27, 2004.

[5] Defendant LUJAN actually became aware of the fact no direct appeal had been filed at least by the time he received trial counsel's February 12 2004 letter informing him (Lujan) there was no appeal pending.

delay to trial counsel, or any other basis for additional tolling so as to render the instant motion to vacate timely. Consequently, defendant's motion to vacate is time-barred.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by defendant MANUEL D. LUJAN be, in all things, DISMISSED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 30th day of March 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly

above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).